Wm. Lewis *v.* Trustees School Dist. No. 19.

[Abstract Kentucky Law Reporter, Vol. 5—767.]

**Proper Parties Plaintiff.**

Where the owner of land made a written proposition by which he agreed to give a tract of ground for a schoolhouse for the benefit of the neighborhood so long as the house should be used for school purposes, and the proposition was accepted by the neighborhood and a building erected and still used for school purposes, and the successor in ownership to the donor takes possession and refuses to permit it longer to be used for school purposes, the proper party plaintiff in suing him for the possession is not the trustees of the school district but the patrons of such district or some of them for the benefit of all.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 25, 1884.

OPINION BY JUDGE PRYOR:

This action was instituted in the name of the trustees of school district No. 19, Jefferson county, for the recovery of the possession of a small tract of land upon which a schoolhouse had been built many years since by those living in the vicinity of the building. It is alleged that the appellant had taken possession of the property and refused to permit any school to be taught in the building. The claim of the trustees who are bringing this action originated in this manner. In the year 1851 James M. Lewis, the owner of the land, made a written proposition by which he agreed to give the piece of ground for a schoolhouse for the benefit of the neighborhood so long as the house should be used for school purposes. This writing is signed by Lewis alone, and its acceptance by the neighborhood is shown by the fact that the building was at once erected by the neighbors and has been used as a schoolhouse since that time. Lewis died and in the partition of his estate this part of his land was allotted to the appellant who is in the possession.

We do not see from the pleadings or the proof what title is vested in the trustees of the common school district to enable them to bring this action. They have no interest in it, or if they have it is not disclosed by the pleadings. The trustees of a school district may maintain an action for the recovery of school property; and while they may sue as trustees only, it is proper to give their names that the party sued may know whom it is that are claiming to be the trustees and entitled to the possession. He should be allowed to controvert the fact that they are the trustees and to deny their right to recover. The plea in this case denied the existence of any trustees and is good as a plea in abatement at common law under the code. If the corporate name of the plaintiff is "the Trustees of School District No. 19" the defendant may plead that there are no trustees, for if they are not in existence the plaintiff, or those using the corporate name, are not entitled to the possession. Any other rule of pleading in a case like this would allow the corporate name to be used by parties who had no interest whatever in the subject-matter of controversy, and a recovery had.

Here the appellant denies their right by alleging that there are no trustees, and his plea is disregarded and possession required to be surrendered to those who have no right so far as this record shows to the use or possession of the property.

This is no dedication or grant of the ground to the common school district, even if there were trustees of that particular district. The schoolhouse was erected for the convenience of the neighborhood, and that interested all the patrons of the school in that vicinity. They have not transferred the use or possession to the trustees of the common school district, or if they have no such allegation has been made. So if the parties suing had been named and were in fact the trustees they manifested no right to recover as they were without title and had no right to the possession. If the school building is the property of the neighborhood the patrons, or one for all, must sue, as it is plain from the facts of the record that the trustees of common school district No. 19 have no right to the property, or at least have failed to allege a state of fact en-titling them to recover.

Besides, it is averred that the property had been abandoned for twenty-five years, and if so it had ceased to be used for school pur-poses for so long a time as by the terms of the contract gave the appellant or his ancestor the right to the use and possession. While this. plea is not sustained by the proof, still the paragraph was held bad and for that reason the appellant may have declined to intro-duce testimony.

The judgment below is *reversed* and cause remanded with di-rections to dismiss the petition without prejudice.

*Fairleigh & Graves, for appellant.*

*C. B. Seymour, for appellees.*